UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>R.C. KNAPP, INC., et al.,<br>　　　　Defendants. | Case No. 13-cv-05209-CW (KAW)<br><br>ORDER CONTINUING HEARING ON PLAINTIFFS' AMENDED MOTION FOR DEFAULT JUDGMENT AND REQUIRING SUPPLEMENTAL BRIEFING<br><br>Dkt. No. 29 |

On May 15, 2014, Plaintiffs filed a motion for default judgment against Defendant R.C. Knapp, Inc. (Dkt. No. 26.) On May 20, 2014, the motion was referred to the undersigned for report and recommendation. (Dkt. No. 27.) On May 22, 2014, Plaintiffs filed and noticed an amended motion for default judgment before the undersigned. (Pls.' Mot., Dkt. No. 29.) On August 15, 2014, Plaintiffs filed an amended proposed judgment and the declaration of Muriel B. Kaplan in support, which included additional costs and attorneys' fees, as well as a decrease in the amount of unpaid contributions owed, and additional interest. (Dkt. Nos. 48 & 49.)

Upon review of Plaintiffs' moving papers, the Court requires supplemental briefing to address the following issues:

1. As is, Plaintiffs' request for reasonable attorneys' fees is insufficient to support an award, as the conflicting information in the motion makes it impossible for the court to ascertain the amount sought. (*See* Pls.' Mot. at 2, 8:25-9:1, 17:16-22, 18:16-19.) Further, Plaintiffs did not provide any billing records, depriving the Court of the ability to determine whether the time billed was reasonable. Plaintiffs' supplemental briefing must include copies of the actual billing records, as well as specific information regarding the experience of each attorney and paralegal to support their billing rates.

1  To facilitate the Court's review, any supplemental briefing should include all
2  attorneys' fees sought, and be accompanied by a supporting declaration.
3  2. Explain how the amount of liquidated damages sought does not exceed the 20%
4  statutory maximum in ERISA. *See* 29 U.S.C. § 1132(g)(2)(C)(ii).  Also, specifically
5  address why March 2013 and April 2013 do not have contribution balances, which the
6  Court interprets to mean that Defendant did not have unpaid contributions, and yet,
7  respectively, $3,202.88 and $3,230.22 in liquidated damages were assessed. (*See* Pls.'
8  Mot. at 2.)

Accordingly, the Court continues the August 21, 2014 hearing until October 2, 2014, and Plaintiffs shall file the supplemental briefing on or before September 5, 2014.

Additionally, Plaintiffs shall serve a copy of this order on Defendant.

IT IS SO ORDERED.

Dated: August 20, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge